percentage or allowances of public officers, during the term for which said officers are elected or appointed," presents a constitutional objection to the allowance of the relator's claim. The trouble with this contention is that relator's claim is based upon the provisions of the town law in force when the park act was passed, and long prior to his election as supervisor for the term during which he rendered the services for which he seeks compensation. While the park act provides for the raising of money for park purposes and charges the relator with its custody and disbursement, it is the town law which provides his compensation. The park act contains no provision creating, increasing, or decreasing fees, percentages, or allowances of the supervisor, and presents no constitutional objection to the allowance of the relator's claim. We have given due consideration to the other questions presented by the learned counsel for the respondents; but we are not convinced that the disallowance of the relator's claim can be sustained.

The determination of the respondents rejecting that portion of the relator's claim for commissions, amounting to $4,021.30, is reversed, with $50 costs and disbursements, and the claim is remitted to the board of town auditors of the town of Rye, with instructions to convene in special session and audit and allow the same. All concur.

---

PARIS et al. v. LAWYERS' TITLE INS. & TRUST CO. et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

MORTGAGES (§ 178*)—LIEN—PRIORITY OF MECHANIC'S LIEN.

The owner of premises subject to a mechanic's lien became bankrupt. A release by the lienors was delivered in escrow to be delivered to him on the final determination of a certain action and the determination of the rights of the lienors under the lien in question. The release was to be then delivered irrespective of any personal judgment that might be entered against him. It provided that it should not be construed as a waiver of any rights under the lien except as therein set forth. *Held*, that the lienors surrendered nothing except their rights under a personal judgment, and that, since they might assign their claim under the lien to a subsequent mortgagee on payment of the lien by the latter, the priority of the lien over the mortgage was not affected by the release.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 178.*]

Thomas, J., dissenting.

Appeal from Special Term, Kings County.

Action by Moe Paris and others against the Lawyers' Title Insurance & Trust Company and others to foreclose a second mortgage. From the judgment, defendant Lawyers' Title Insurance & Trust Company, first mortgagee, appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, JENKS, and THOMAS, JJ.

Philip E. Dean, for appellant.

Charles Meyers, for plaintiff respondents.

A. H. Spigelgass (Joseph J. Schwartz, on the brief), for defendant respondents.

WOODWARD, J. Plaintiff was the owner of a second mortgage upon 10 lots on Sixty-Fifth street, borough of Brooklyn, and this action was brought to foreclose the same. The defendant Lawyers' Title Insurance & Trust Company is the owner of 10 mortgages of $2,750 each on the premises covered by the first mortgage. These mortgages were subsequent in point of time to the mortgage of the plaintiff, but the latter had by a written agreement been subordinated to the mortgages of the defendant. The defendant's mortgages were executed and the money advanced on them on the 27th day of July, 1909, but were not recorded until 1 o'clock and 45 minutes of the following day. On the morning of July 28, 1909, three mechanics' liens were filed against the premises, and it is not disputed that these liens were filed prior to the mortgages of the defendant. One of these liens was held to be effective, and a second one is not contested here, so that the only lien which is before this court is the one filed by Kratenstein & Weinstein, plumbers, who had furnished materials and labor under contracts with one Samuel Silverstein, the owner of the mortgaged premises until the 27th day of July, 1909, on which date the latter conveyed said premises to the Little Giant Realty Company, and this company executed the mortgages to the Lawyers' Title Insurance & Trust Company, and the sole question raised on this appeal is the disposition properly to be made of the Kratenstein & Weinstein lien. The court held that the plaintiff's mortgage, being an old ground mortgage, was superior to the lien; that, this mortgage having been subordinated to the defendant's mortgage, the latter was entitled to priority to the amount of the second mortgage, or for $15,000, and that the lien then intervened, and the Lawyers' Title Insurance & Trust Company's mortgages followed up to an amount which, with the lien, would make the total of such mortgages, or $27,500, and then the plaintiff's mortgage, followed by the amount still due on the title company's mortgages.

The plaintiff does not complain at this disposition of the case, and we are unable to discover any reason why the plaintiff's interests should be regarded as involved in this appeal. The controversy is between the defendants the title company and Kratenstein & Weinstein. The title company claims a right to priority over the lien by reason of the fact that the lienors had contracted with Silverstein to furnish materials and labor for the improvement of the mortgaged premises, which was the basis of the lien; that, immediately after the transfer of the premises in question to the Little Giant Realty Company, Silverstein disappeared, and in a bankruptcy proceeding against him after long negotiations the proceeding was dismissed, the lienors receiving $1,000, and, with knowledge of the title company's mortgages, executed to Silverstein a general release, it being claimed that this operated to prevent the lienors from assigning their claims against Silverstein to the title company in the event of the latter paying the lien, thus defeating subrogation.

But the lienors have never delivered the release to Silverstein. This release was delivered in escrow, to be delivered to Silverstein upon the happening of a particular event. That event was the final deter-

mination of "a certain action entitled 'Paris v. Little Giant Realty Company et al.,' and a determination of the rights of Palley & Tannenbaum and Kratenstein & Weinstein under two certain mechanics' liens filed by them against property, 65th street, Bklyn., at this time owned by S. Silverstein. Upon a final determination of the rights under said liens said releases are to be delivered to S. Silverstein irrespective of any personal judgment that may be entered against him by virtue of said liens. The said releases shall not be construed as a waiver of any rights under said liens except as herein set forth." There has never been any final determination of the rights of these mechanics' liens until the determination of this action, so far as appears from the record, and the release is not to be delivered if it operates to deprive the lienors of "any rights under said liens except as herein set forth," and the object of the release was to get rid of the bankruptcy proceeding, and to protect Silverstein against a personal judgment growing out of the lien. It does not appear that there will ever be a personal judgment against Silverstein, and in respect to all other rights growing out of the lien the lienors have surrendered nothing. They are in a position to assign them to the defendant-appellant at any time. We are of the opinion that the learned court below has properly disposed of the questions involved as appears from the record, and, as the evidence is not printed, there is no way for entering upon a review of the facts. The difficulties presented by this case grow out of the fact that the learned court in finding the facts has found some of them as requested by each of three parties, and there is a lack of that concise grouping of facts which the Code contemplates, and which is necessary for a scientific application of the law. There are practically three different findings of fact involving in substance one single transaction, and varying only in the view-point of the party making the request, and it is difficult on a review of the judgment roll only to harmonize this situation with all rules of law, but we are persuaded that the result reached is the proper one, and that the judgment appealed from should be affirmed.

Judgment affirmed, with costs.

HIRSCHBERG, P. J., and JENKS and RICH, JJ., concur. THOMAS, J., dissents.